```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

KENNETH ASHBRIDGE,            :
                              :    Civil Action No. 09-3147(NLH)
          Petitioner,         :
                              :
     v.                       :    **OPINION**
                              :
STATE OF NEW JERSEY, et al.,  :
                              :
          Respondents.        :

**APPEARANCES**:

    KENNETH ASHBRIDGE, Petitioner pro se
    #224856C
    Adult Diagnostic and Treatment Center
    8 Production Way
    Avenel, New Jersey 07001

    J. VINCENT MOLITOR, CAPE MAY COUNTY PROSECUTOR
    CAPE MAY COUNTY PROSECUTOR'S OFFICE
    4 Moore Road, DN-110 Central Mail Room
    Cape May Courthouse, New Jersey 08210-1601
    Counsel for Respondents

**HILLMAN**, District Judge

    Petitioner Kenneth Ashbridge, a convicted state prisoner currently confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 New Jersey state court conviction and sentence.  For the reasons stated herein, the Petition will be dismissed as time-barred.

I.  FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of some ten instances in which petitioner Kenneth Ashbridge ("Ashbridge") engaged in various acts of aggravated sexual assault (including fellatio, cunnilingus, and penile and digital penetration of the victim's vagina) of petitioner's biological daughter over a three and one-half year period from January 1993 to June 1996, beginning when the victim was about three years old.

On September 17, 1996, the Deputy Clerk of the Superior Court of New Jersey, Cape May County, filed Indictment # 96-09-509-I.  (Ra1,[1] Indictment).  The Indictment charged Ashbridge and B.G. with ten counts of second degree endangering the welfare of a child (N.J.S.A. 2C:24-4a); ten counts of second degree conspiracy to endanger the welfare of a child (N.J.S.A. 2C:5-2, N.J.S.A. 2C:24-4a; ten counts of first degree aggravated sexual assault (N.J.S.A. 2C:14-2a; and ten counts of first degree conspiracy to commit aggravated sexual assault (N.J.S.A. 2C:5-2, N.J.S.A. 2C:14-2a.  (Ra1).

On July 17, 1997, Ashbridge pled guilty to all forty counts of the Indictment pursuant to a negotiated plea agreement.

---

[1] "Ra" refers to the state court record exhibits provided by the respondents.  The list of exhibits comprising the state court record is attached to the State's answer and is docketed as document entry no. 8, listing 17 exhibits to the record, including the plea transcript (1T), the sentencing transcript (2T), and the PCR transcript (3T).

(Ra15, Plea Transcript 1T).  In exchange for the plea agreement, the State had agreed to recommend dismissal of a separate indictment relating to defendant's sexual abuse of another child, but did not agree to recommend a sentence.  (Ra10 at pg. 2).  On January 20, 1998, the Honorable Carmen H. Alvarez, J.S.C., sentenced Ashbridge to an aggregate term of 30 years in prison with a 15-year period of parole ineligibility.  (Ra16, Sentence Transcript 2T).

Ashbridge did not file a direct appeal from his sentence or conviction.  However, on January 14, 2003, Ashbridge filed a petition for post-conviction relief ("PCR") in state court.  (Ra4).  On February 4, 2003, the Honorable Raymond A. Batten, J.S.C., summarily denied Ashbridge's PCR petition.  (Ra6 at Da64).  On June 18, 2003, Ashbridge filed a Notice of Appeal to the Superior Court of New Jersey, Appellate Division.  (Ra6 at Da65).  On July 14, 2003, Judge Batten filed an amplification and clarification of his prior decision in denying the PCR petition.  (Ra6 at Da66-67).  Assigned counsel for Ashbridge thereafter filed a Notice of Motion for Limited Remand on August 13, 2003.  (Ra6 at Da68).  On September 8, 2003, the Appellate Division summarily reversed and vacated Judge Batten's denial of Ashbridge's first PCR petition.  The matter was remanded for reconsideration after referral to the Office of the Public Defender for representation.  (Ra6 at Da76).

On July 8, 2005, Judge Batten heard oral argument on the PCR petition, and denied the petition. (Ra17, PCR Transcript 3T). An Order denying the PCR petition was entered on July 27, 2005. (Ra6 at Da207). Ashbridge appealed from denial of his PCR petition.

On April 7, 2008, the Appellate Division affirmed denial of post-conviction relief, rejecting all of petitioner's arguments. (Ra10). The Supreme Court of New Jersey denied certification on September 5, 2008. (Ra13). The Supreme Court of the United States denied Ashbridge's petition for a writ of certiorari on January 26, 2009. (Ra14).

Ashbridge filed this habeas petition under 28 U.S.C. § 2254 on or about June 22, 2009.[2]

---

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Ashbridge handed his petition to prison officials for mailing, he signed a certification of his petition on June 22, 2009. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that June 22, 2009 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on June 25, 2009.

## II. STATEMENT OF CLAIMS

Ashbridge raises the following claims for habeas relief in his petition:

Ground One:  Defective indictment vitiates petitioner's guilty plea and makes petitioner's sentence and conviction illegal.

Ground Two:  Ineffective assistance of counsel during plea and failure of counsel to challenge the sufficiency of the indictment, in violation of the Sixth Amendment.

Ground Three:  Petitioner's plea was not voluntary, knowing or intelligently made.

Ground Four:  Indictment was defective because it contained no factual specificity of the precise nature of the offenses charged, thus failing to inform petitioner of the charges against him.

The State argues that the habeas petition is untimely and should be dismissed as time-barred, or alternatively, that Ashbridge failed to exhaust his state court remedies.  The State also contends that the petition should be denied for lack of substantive merit.

## III. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Because petitioner is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

## IV.  STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d

at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled,

from the time it is "properly filed,"³ during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Ashbridge's judgment of conviction became final after the enactment of AEDPA, having been entered on or about January 20, 1998. Because Ashbridge did not file a direct appeal, his conviction and sentence became final, and his statute of limitations for filing a habeas petition began to run, on the date on which the time for filing a direct appeal expired. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Since

---

³ An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

8

the judgment of conviction was entered on January 20, 1998, and under New Jersey state court rules, the time for filing a direct appeal expired 45 days thereafter, on or about March 6, 1998. See N.J.Ct.R. 2:4-1(a). Thus, for purposes of determining when the statute of limitations would start to run, Ashbridge had one year from March 6, 1998, or until March 6, 1999, to file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Ashbridge would have had to file his first state PCR petition before the one-year period had expired, or before March 6, 1999. Otherwise, the state PCR petition would not serve to toll the statute of limitations. In this case, Ashbridge filed his first state PCR petition on January 14, 2003, almost four years after the one-year limitations period had expired. Thus, this Court finds that there was no statutory tolling of the limitations period in this case, and this case is time-barred under 28 U.S.C. § 2244(d).

It would appear that Ashbridge disregarded or miscalculated the statutory limitations period when he failed to count the time his limitations period began to run after his conviction became final on or about March 6, 1998, and before he filed his state PCR petition. Miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d

9

Cir. 2002), cert. denied, 538 U.S. 1022 (2003).  Moreover, even if Ashbridge was ignorant of the fact that the limitations period began to run on March 6, 1998, when his conviction became final under AEDPA, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction."); see also Jones, 195 F.3d at 159-60.

   Nevertheless, Ashbridge may be able to overcome this statutory time bar if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period

10

unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[4] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

11

Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In this case, Ashbridge's traverse or reply to the State's answer fails to adequately address the State's affirmative defense that his petition is time-barred, and petitioner offers no excuse, extraordinary or otherwise, to warrant application of equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Therefore, this petition was untimely filed and must be dismissed accordingly.

## IV. CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the

12

case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Id</u>. For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

<u>CONCLUSION</u>

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

                                      /s/ NOEL L. HILLMAN
                                      NOEL L. HILLMAN
                                      United States District Judge

DATED: FEBRUARY 28, 2011

At Camden, New Jersey